# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:06-CR-285-RMC |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HAYNIE, | : | |
| | : | |
| Defendant. | : | |

Government's Notice of Intent to Introduce, and Motion to Permit, Evidence of Other Crimes and Bad Acts Pursuant to Rule 404(b) of the Federal Rules of Evidence

The United States of America, by and through the United States Attorney for the District of Columbia, hereby provides notice of its intent to introduce, and moves the Court to permit, evidence of other crimes and bad acts pursuant to rule 404(b) of the Federal Rules of Evidence.  The government intends to introduce at trial evidence of other acts of possession of firearms and ammunition by the defendant, and other acts of possession and distribution of marijuana.

## Background

Defendant Christopher Haynie has been charged by indictment with possession of a firearm and ammunition by a convicted felon, possession of cocaine base, also known as crack, possession of ecstasy, and possession of marijuana.  The felon-in-possession charge is predicated on the defendant's 1995 armed robbery conviction in Maryland and his 1999 felon-in-possession conviction in this Court (1:99-cr-252), and concerns a .25

caliber handgun and .25 caliber ammunition.  He has pled not guilty to all charges.

<u>The Search Warrant and the Current Charges</u>

The charges in this cases are based on the seizure of a firearm, ammunition and narcotics during a search warrant executed on June 2, 2006, at a residence located at 3603 Twenty-second Street, S.E., Washington, D.C.  The residence is a two-bedroom apartment located on the first floor of a multi-unit building.  The search warrant was authorized as part of an investigation into an armed burglary that had occurred on May 26, 2006, when defendant Haynie entered the residence of his former girlfriend without permission, threatened her and another person who was present with a knife, displayed a handgun, and stole the ex-girlfriend's cell phone, home phone, and wallet.

When the Metropolitan Police Department officers entered the Twenty-second Street residence at 6:46 a.m., on June 2, the defendant was alone inside.  The firearm, a silver-colored .25 caliber semi-automatic handgun, loaded with three rounds, was found inside a purse on the living room floor.  Fifteen additional rounds of .45 caliber ammunition were found in a blue plastic bag also on the living room floor.

The narcotics were found inside a black handbag located on top of the television set in the living room.  The bag contained 12 ziplocks (13.7 grams) of marijuana, 6 ziplocks of cocaine base

2

(i.e., crack, 1.3 grams), and six and a half ecstasy pills (1.66 grams).

Other Crimes and Bad Acts

1.    Possession of .45 caliber ammunition

As outlined above, in addition to the .25 caliber loaded handgun, which is the subject of count 1 of the indictment, a bag of .45 caliber ammunition was also recovered during execution of the search warrant.

2.    Possession of the .25 Caliber Handgun on May 26, 2006

As outlined above, the recovery of the loaded handgun on June 2, 2006, was predicated on an incident on May 26, when he displayed a handgun to his former girlfriend.[1]  The government intends to show that the gun the defendant displayed on May 26, was the same gun recovered on June 2.

3.    Distribution of, and Possession With Intent To Distribute, Marijuana, in 2004

On December 18, 2004, MPD officers were conducting a "buy-bust" operation in the area of 3422 Twenty-second Street, S.E., Washington, D.C.  At approximately 3:27 p.m., an undercover officer walked up to the defendant, who was with another person. The other person asked the undercover officer if he wanted some weed, and then indicated that the defendant was the one to talk

---

[1]The defendant has been indicted for armed burglary and other charges in connection with the May 26 incident.  He has pled not guilty.  (United States of America v. Christopher Haynie, 2006-CF3-11133 (D.C. Super. Ct.))

to about that.  The defendant then asked the undercover officer, "How many?"  The officer replied, "Give me two."  The defendant then handed the officer two small green ziplocks containing marijuana in exchange for twenty dollars.  The defendant, when he was arrested several minutes later, was in possession of five additional green ziplocks of marijuana, in his inner left jacket pocket.[2]

4.    Possession of a firearm and ammunition, in 1999

On June 28, 1999, MPD officers made a traffic stop on a red Mercury vehicle that was driving in the wrong direction, in violation of a one-way restriction, in the 2500 block of University Place, N.W., Washington, D.C.  When the Mercury was stopped, the defendant was found sitting in the front passenger seat, holding a green jacket, which he proceeded to place on the floor in front of him.  The jacket was subsequently seized by the police.  Inside one of the pockets was a loaded .22 caliber handgun.[3]

5.    Carrying a pistol, possession of ammunition, and possession of marijuana, in 1998

---

[2]This incident resulted in the defendant's conviction on January 14, 2005, of misdemeanor possession with intent to distribute marijuana.  (United States of America v. Christopher Haynie, 2004-CMD-13026 (D.C. Super. Ct.))

[3]This incident resulted in the defendant's conviction on December 22, 1999, of being a felon in possession of a firearm and ammunition.  (United States of America v. Christopher Haynie, 1:99-cr-252).

4

On November 13, 1998, at approximately 12:30 a.m., a police officer attempted to execute a traffic stop of the defendant, who was driving a four-door Nissan Sentra in a northeast direction on Southern Avenue, S.E., Washington, D.C., near the intersection of Thirteenth Street.  The officer observed the defendant driving with his headlights off and then saw him run a red traffic light. The defendant refused to stop for the officer, and continued to drive northeast on Southern Avenue, until colliding with a parked van near the intersection of Twenty-fifth Street, S.E.

The defendant and his front-seat passenger, the only other occupant of the Sentra, were then placed under arrest.  As a result of a search incident to his arrest, a single ziplock of marijuana was found in the defendant's right front pants pocket. In addition, a .22 caliber revolver, loaded with eight rounds, was found on the floor of the Sentra, underneath the driver's seat.[4]

6.  Possession of a Loaded Handgun in 1994

On August 16, 1994, the defendant was arrested in connection with an armed robbery occurring in Prince George's County, Maryland.  He was ultimately convicted of several charges as a

---

[4]As a result of this incident, the defendant was convicted of possession of marijuana.  (United States of America v. Christopher D. Hainey, 1998-FEL-8258 (D.C. Super. Ct.))

result, including using a handgun during commission of a felony
or crime of violence.[5]

<u>Evidence of the Other Bad Acts Is Not Barred by Rule 404(b).</u>

Rule 404(b) of the Federal Rules of Evidence provides in
pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**--
> Evidence of other crimes, wrongs, or acts is
> not admissible to prove the character of a
> person in order to show action in conformity
> therewith.  It may, however, be admissible
> for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or
> accident . . . .

Fed. R. Evid. 404(b).

Evidence of the May 26 incident, during which the defendant
held a handgun, would be offered as direct evidence that he
constructively possessed the loaded .25 caliber handgun that is
the subject of count 1, as the government intends to show that
the .25 caliber gun recovered on June 2 is the same gun the
defendant was holding on May 26 when he confronted his
girlfriend.[6]  The recovery of the .45 caliber ammunition during

---

[5]Specifically, the defendant was convicted in Maryland, on
April 26, 1995, of robbery with a dangerous and deadly weapon,
and use of a handgun during the commission of a felony or crime
of violence.  The government is in the process of obtaining
access to the prosecution and court files, in order to be able to
provide additional facts about the incident.

[6]Thus, as shown in the discussion <u>infra</u>, this evidence is
not technically evidence of other crimes, wrongs or acts covered
by rule 404(b).

execution of the search warrant, and the prior acts involving firearms and ammunition (in 1994, 1998 and 1999) would be offered to show that he exercised dominion and control over the .25 caliber firearm and ammunition on June 2, 2006, and that the possession of that particular contraband was neither a mistake nor an accident.

The prior acts involving marijuana would be offered for the same purpose with respect to the marijuana he possessed on June 2, 2006.

The Court of Appeals has held that rule 404(b) is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character." United States v. Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted). Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and if so, whether it is relevant to something other than the defendant's character or propensity. United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000). If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403. Id.

1.    Other Acts of Possession of Firearms and Ammunition

    a.   The 1994, 1998 and 1999 Incidents, and the
         contemporaneous possession of the .45 caliber
         ammunition

Evidence of the 1994, 1998 and 1999 incidents, and evidence
of the recovery of the .45 caliber ammunition, are admissible
under rule 404(b), pursuant to the holding of the Court of
Appeals in United States v. Garner, 364 U.S. App. D.C. 408, 396
F.3d 438 (2005).

In Garner, the court considered the admissibility under rule
404(b) of a prior act of firearm possession by a defendant
charged with being a felon in possession.  In Garner, MPD
officers had made a traffic stop of a suspected stolen car and
found one Robert D. Garner sitting in the front passenger seat.
Id. at 409, 396 F.3d at 439.  The officers ordered the driver and
Garner to raise their hands, but Garner did not comply.  Id.  As
one of the officers attempted to open Garner's door, the officer
saw Garner remove a handgun from his waistband and place it on
the floor.  Id.  Shortly thereafter, the officers opened the car
door and took Garner into custody.  Id.  They subsequently
recovered a 9 millimeter semi-automatic handgun from underneath
the vehicle's front passenger seat.  Id.

During the trial in Garner the government offered evidence
that approximately three years earlier, a U.S. Park Police
officer had stopped a car in D.C. in which Garner was the front-
seat passenger, and the officer had subsequently recovered an

ammunition clip from Garner's jacket pocket and a loaded semi-automatic handgun fitting the clip under the front passenger seat. Id. at 410, 396 F.3d at 440. The government also showed that Garner had been convicted of carrying a pistol without a license, in violation of D.C. law, based on the stop by the USPP officer. Id.

Following his conviction, Garner appealed, arguing that his prior CPWL conviction and evidence of the prior stop by a USPP officer should not have been admitted. Id. at 409, 396 F.3d at 439. Garner relied heavily on the appellate court's decision in Linares, where the court had held that, under the circumstances of that case, evidence of a prior act of gun possession was inadmissible in a felon-in-possession prosecution, see Linares, 361 U.S. App. D.C. at 320-25, 367 F.3d at 943-48. The Garner court, however, with reasoning applicable in this case, distinguished Linares and affirmed. Garner, 364 U.S. App. D.C. at 409, 412-14, 396 F.3d at 439, 442-44.

In Linares, the Garner court explained, the government's evidence "forced the jury to a disjunctive choice between actual possession or no possession at all." Garner, 364 U.S. App. D.C. at 412, 306 F.3d at 442. In Linares the government's evidence showed that shots had been fired from a moving car, which was then chased by two MPD officers in separate cruisers. 361 U.S. App. D.C. at 20-21, 367 F.3d at 943-44. The chase ended when the

car crashed, and as the officers approached the wreck, they saw
the defendant throw a gun over a nearby fence.  Id. at 21, 367
F.3d at 944.  The Linares court held that under those facts there
was no issue of constructive possession, and therefore evidence
of a prior incident where an officer had observed the defendant
drop a loaded handgun onto the ground was inadmissible.  Id. at
322-25, 367 F.3d at 945-48.

The Garner court held that in Garner's case, by contrast,
the issue of constructive possession was squarely before the jury
because the jury could have discredited the testimony of the sole
officer who stated he saw the defendant sitting in the car and
briefly holding a gun in his hand.  See Garner, 364 U.S. App.
D.C. at 412-13, 396 F.3d at 442-43 (noting that the officer
testified that he was looking through a tinted car window and
that the car was filled with smoke).  If that evidence was
discredited, the jury would be left with the "undisputed
testimony that the gun was found under Garner's seat when the car
was searched," which the court termed "a paradigmatic
constructive possession scenario."  Id. at 413, 396 F.3d at 443.
In such a case, evidence of his prior act of firearms possession
was admissible to show that Garner knowingly exercised dominion
and control over the gun found under his seat.  Id.

In this case, the government intends to rely on a theory of
constructive possession, based on the loaded gun and additional

10

ammunition being found in the defendant's residence, but not on
his person, while he was present in the residence.  Thus, like in
Garner, the 1994, 1998 and 1999 incidents of possession of a
firearm and ammunition are admissible to show his dominion and
control over the loaded gun found seized on June 2.  Similarly,
evidence that the defendant was also constructively in possession
of .45 caliber ammunition on June 2, tends to show his dominion
and control over the .25 caliber ammunition contained in the
recovered handgun.

     b.   The May 26, 2006 Incident

The incident one week before the defendant's arrest in this
case is admissible wholly apart from Garner, and for that matter,
rule 404(b) as well.  As stated above, the government intends to
show that the .25 caliber gun recovered on June 2, from the purse
on the floor of the defendant's apartment, is the very same gun
that was on his person when he displayed it to his ex-girlfriend
on May 26.

In United States v. Bowie, 344 U.S. App. D.C. 34, 232 F.3d
923 (2000), the Court of Appeals held that if evidence offered by
the government is "of an act that is part of the charged offense,
it is properly considered intrinsic," and therefore not covered
by rule 404(b).  Id. at 40, 232 F.3d at 929.  The Court of
Appeals ultimately ruled in Bowie that the appellant's possession
of counterfeit currency on April 17, 1997, was not evidence of

the crime for which he was convicted--possession of counterfeit
currency on May 16, 1997--because the currency possessed on April
17 had been seized on that date by the police.  Id.  However, the
court cited with approval the holding of the Second Circuit Court
of Appeals in United States v. Towne, 870 F.2d 880 (2d Cir.
1989), that "'[t]he continuous possession of the same gun does
not amount to a series of crimes, but rather constitutes a single
offense.'"  Bowie, 344 U.S. App. D.C. at 40, 232 F.3d at 929
(quoting Towne, 870 F.2d at 886).

In Towne a defendant convicted of multiple charges of
possessing and receiving firearms by a convicted felon argued on
appeal that the district court improperly allowed the government
to offer evidence of his having possessed one of the subject
firearms "on days other than the single date specifically charged
in the indictment."  Id. at 885-86.  The Second Circuit rejected
the defendant's argument that this evidence should have been
analyzed by the district court under rule 404(b), and instead
issued the holding quoted above.  Id. at 886.[7]

Towne was followed by the Second Circuit more recently in
United States v. Gelzer, 50 F.3d 1133 (2d Cir. 1995).  In Gelzer
a defendant convicted of illegally possessing a firearm, armed
robbery of a post office, and using a firearm in the commission

---

[7]It is unclear from the Towne opinion how much time
separated the appellant's possession of the firearm on the date
charged and the other dates he possessed it.

12

of a violent offense argued on appeal that the district court improperly admitted evidence showing he possessed the gun involved in the charged offenses <u>six months earlier</u>.  <u>Id.</u> at 1137-39.  Although the Second Circuit in <u>Gelzer</u> analyzed the evidence under rule 404(b)--improperly in the government's view-- it upheld the admission of the challenged evidence.  <u>Id.</u> at 1139.

In this case only one week separates the date the defendant was holding the gun, May 26, 2006, from the date he possessed it as charged in the indictment, June 2, 2006.  Evidence that the defendant held a gun on May 26 is compelling intrinsic evidence that he constructively possessed the same gun on June 2, and therefore should be admitted.

2.   <u>Other Acts Involving Marijuana (1998 and 2004)</u>

The caselaw in this Circuit is very supportive of admitting prior drug activity in a drug prosecution.  In <u>United States v. Watson</u>, 335 U.S. App. D.C. 232, 171 F.3d 695 (1999), the Court of Appeals acknowledged that prior acts of drug trafficking are relevant, under rule 404(b), to show the defendant knew how to sell drugs.  <u>Id.</u> at 240, 171 F.3d at 239.  Similarly, in <u>United States v. Washington</u>, 297 U.S. App. D.C. 73, 969 F.2d 1073, the Court of Appeals upheld the admission of the defendant's act of selling drugs that preceded the charged offense of distribution, because it was "probative of intent, knowledge and plan on the part of Washington."  <u>Id.</u> at 81, 969 F.2d at 1081.

13

United States v. Burch, 332 U.S. App. D.C. 287, 156 F.3d 1315 (1998), cert. denied, 526 U.S. 1011 (1999), is particularly instructive.  In Burch, the trial court admitted evidence of the defendant's prior drug conviction, under rule 404(b), in part because the prior conviction involved the same drug, and the Court of Appeals affirmed.  Id. at 296, 156 F.3d at 1324.  In this case, the defendant's 1998 and 2004 drug activity involved the same drug, marijuana, as that charged in count 4 of the indictment.

Finally, as the Court of Appeals held in its en banc decision in United States v. Crowder, 329 U.S. App. D.C. 418, 141 F.3d 1202 (1998) (Crowder II), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000), evidence of a defendant's prior drug activity is relevant to show that he has "knowledge of the substance within his possession."  Id. at 424, 141 F.3d at 1208 (internal quotation marks omitted).  As the Court explained further in a footnote:  "A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show he knew how to get drugs, what they looked like, where to sell them, and so forth."  Id. at 424 n. 5, 141 F.3d at 1208 n.5.

Accordingly, the defendants acts of possessing and distributing marijuana in 1998 and 2004 are admissible under rule 404(b).

14

<u>The Other Bad Acts Evidence is Not Barred by Rule 403.</u>

As for rule 403,[8] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." <u>United States v. Cassell</u>, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted).  In this case, as indicated above, there is a close relationship given the fact that the 404(b) evidence involves possession of firearms and ammunition, and possession and distribution of marijuana, and one of the pending charges is unlawful possession of a firearm and ammunition and another is possession of marijuana.

In addition, when the purpose of disputed evidence is to show state of mind, probative value is high.  <u>See</u> <u>id.</u> at 92, 292 F.3d at 796.  In this case, the 404(b) evidence will be offered to show that the defendant's possession of the contraband on June 2, 2006, was a <u>knowing</u> possession.

Conclusion

---

[8]Rule 403 states:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

15

Evidence of the defendants other bad acts involving firearms, ammunition and marijuana should be admitted.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/

by: _____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
353-2385
michael.liebman@usdoj.gov