```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      :   No. 1:06-cr-285-RMC
                              :
         v.                   :
                              :
CHRISTOPHER HAYNIE,           :
                              :
         Defendant.           :
```

Government's Motion To Permit Impeachment Of Defendant With Evidence Of Prior Convictions, Pursuant To Rule 609 Of The <u>Federal Rules Of Evidence</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit the government to impeach the defendant with evidence of prior convictions, pursuant to rule 609 of the Federal Rules of Evidence, if he should elect to testify at trial.

<u>Background</u>

Defendant Christopher Haynie has been indicted with one count of being a felon in possession of a firearm and ammunition, and one count each of possession of cocaine base, also known as crack, possession of ecstasy, and possession of marijuana. The felon in possession count is predicated on his prior convictions for robbery with a dangerous or deadly weapon, and use of a handgun during a felony or crime of violence, in Maryland in 1995, and for being a felon in possession of a firearm and ammunition in this Court, in 1999 (1:99-cr-252). The offenses in

this case occurred on June 2, 2006. The defendant has pled not guilty to all charges.

It is the 1995 Maryland convictions and the 1999 felon in possession conviction that the government seeks to use for impeachment purposes.

### Argument

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying. Fed. R. Evid. 609(b).

The Maryland robbery and firearm convictions, imposed in 1995, easily meet the timing requirement. On April 26, 1995, the defendant was sentenced to concurrent sentences of 5 years in prison on each count, with 253 days credit for time served. Accordingly, the defendant was released from incarceration for these offenses approximately 7 years ago, in 1999.

The lengths of the sentences were also lawfully more than one year, and therefore meet the additional requirements of rule 609.  Under Maryland law the robbery charge, specifically, robbery with a dangerous and deadly weapon, is made up of the "common law" crime of robbery, aggravated by the use of a deadly or dangerous weapon.  <u>Allen v. State</u>, 158 Md. App. 194, 240-41, 857 A.2d 101, 128 (Ct. Spec. App. 2004).  As a Maryland common law crime, its maximum sentence is limited only by Maryland and federal constitutional protections against cruel and unusual punishment.  See <u>Gerald v. State</u>, 299 Md. 138, 139, 472 A.2d 977, 978 (1984).  The sentence he received for the robbery conviction, five years, is hardly cruel and unusual.

With respect to the Maryland firearm charge for which he was convicted, use of a handgun in the commission of a felony or crime of violence, at the time that offense carried a statutory maximum prison term of 20 years.  Md. Code 1957, art. 27, § 36B (repealed 2002).

Similarly, the defendant's 1999 felon-in-possession conviction qualifies in terms of both recency and maximum punishment.  The conviction was imposed 7 years ago, and the maximum possible sentence was 10 years, pursuant to 18 U.S.C. §§ 922(g) and 924(a)(2).

As for probative value and prejudicial effect, the Court of Appeals, in <u>United States v. Jackson</u>, 201 U.S. App. D.C. 212, 627

F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case.  Id. at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609 of all three convictions, as the government demonstrates in the discussion below.  But there are additional reasons, not mentioned in Jackson, as to why permitting the government to impeach the defendant with the prior convictions is not unduly prejudicial.  Specifically, the government will already have offered proof in its case in chief that the defendant has been convicted of three prior offenses each carrying a penalty of more than one year in prison, in order to prove up a necessary element of the § 922(g) violation.  See United States v. Lattner, 385 F.3d 947, 960-61 (6th Cir. 2004), cert. denied, 543 U.S. 1095 (2005).  Moreover, if the Court grants the government's motion to permit proof of the defendant's possession of firearms and ammunition--which resulted in the 1995 and 1999 convictions--in its case in chief, the additional

prejudice by allowing impeachment for the convictions that resulted from his conduct is arguably de minimis.

    1.    <u>The Prior Conviction For Robbery With A Dangerous Or Deadly Weapon</u>

As indicated above, the <u>Jackson</u> factors favor admission of the defendant's prior conviction in Maryland for robbery with a dangerous or deadly weapon. First, in applying the initial <u>Jackson</u> factor, as the Court of Appeals held in <u>United States v. Lipscomb</u>, 266 U.S. App. D.C. 312, 702 F.2d 1049 (1983) (en banc), robbery, while not as probative of credibility as crimes of deception or stealth, is more probative than a crime of impulse or a simple possession of narcotics, because it involves theft and a "conscious disregard for the rights of others." <u>Id.</u> at 333-34, 702 F.2d at 1070-71. Accordingly, the first <u>Jackson</u> factor weighs slightly in favor of admissibility.

The second <u>Jackson</u> factor, the timing of the conviction, is generally neutral because the defendant was not released from incarceration until 1999, making the conviction comfortably more recent than a hypothetical conviction and sentence terminating at the outer limit of the rule's time period.

The third <u>Jackson</u> factor weighs in favor of admission. Because the prior conviction was for an assaultive offense, and the defendant is facing trial for drug and firearms possession charges, there is a relatively low risk that the jury will improperly conclude the defendant is guilty merely because he was

convicted in the past for a property crime.  See Jackson, 201 U.S. App. D.C. at 224, 627 F.2d at 1210.  The fact that the prior conviction involved use of a "deadly or dangerous weapon" does not change the analysis all that much, because the record of conviction for the offense does not specify that the weapon was a firearm.

Finally, this case is likely to come down to whether a jury will credit the defendant were he to testify that he did not know about the loaded gun and narcotics in his residence.  Accordingly, the fourth and fifth Jackson factors--the importance of the defendant's testimony and the degree to which his credibility is central--also weigh in favor of admitting the prior drug conviction for impeachment purposes.

With four of five Jackson factors weighing in favor of admissibility, coupled with the fact that the jury will necessarily have heard some evidence that the defendant was previously convicted of three prior felonies (as well, potentially, as evidence that he possessed a loaded gun during the incident that led to this conviction) the Court should permit the government to impeach the defendant with evidence of this prior conviction.

   2.   The Prior Conviction For Use Of A Handgun During The
        Commission Of A Felony Or Crime Of Violence

Application of the Jackson factors to the defendant's other Maryland conviction, use of a handgun while committing a felony

or violent crime, although a closer question, also weighs in favor of admission. Taking the first factor, the government concedes that the nature of this prior conviction is not directly probative of credibility, and therefore this first factor cuts against admission. See <u>United States v. Millings</u>, 175 U.S. App. D.C. 293, 535 F.2d 121 (1976) (analyzing admissibility for impeachment purposes of prior conviction for carrying a pistol without a license outside the home or place of business, a misdemeanor at the time of the decision).

The second <u>Jackson</u> factor, the timing of the conviction, is generally neutral, as was the case with the robbery conviction. Both were imposed on the same date and the defendant's sentence for both ended on the same date.

Admittedly, the third <u>Jackson</u> factor cuts against admission, because the prior offense of conviction is somewhat similar to two of the current charges, being a felon in possession of a firearm.

However, the fourth and fifth Jackson factors strongly favor admission of this prior conviction, given the potential importance of the defendant's testimony and the degree to which his credibility will be central to the case, as explained above.

Moreover, the prejudice to the defendant in allowing him to be impeached with the handgun conviction is mitigated because, once again, the jury will necessarily have heard that the

defendant suffered three felony convictions as part of the government's proof of the felon-in-possession count, and, if the Court grants the government's rule 404(b) motion, the jury will also have heard about the conduct that led to this 1995 conviction.

3.   The Prior Felon-in-Possession Conviction

With respect to the prior § 922(g) conviction, the government concedes that a § 922(g) violation is not an offense associated with dishonesty, and that application of the first Jackson factor therefore cuts against admission under the rule. United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993); see also United States v. Slade, 200 U.S. App. D.C. 240, 255, 627 F.2d 293, 308 (addressing use for impeachment purposes of defendant's prior misdemeanor conviction for carrying a pistol without a license), cert. denied, 449 U.S. 1034 (1980).

As to the timing factor, court records indicate that while the defendant was sentenced in the prior § 922(g) case in 1999, the defendant was re-incarcerated on and off when he violated the conditions of his supervised release, culminating in a revocation of supervised release and the imposition of a 9-month prison sentence on March 24, 2004.  Thus, the 1999 conviction is quite recent for Jackson purposes, which cuts in favor of admission under rule 609.

8

The government recognizes that the third <u>Jackson</u> factor, the similarity of the prior crime of conviction to the charged crime, cuts against rule 609 admissibility because the prior conviction is for precisely the same charge as in count 1 of the pending indictment.  <u>See</u> <u>Jackson</u>, 201 U.S. App. D.C. at 224, 627 F.2d at 1210.  However, as the Court of Appeals has pointed out, such an overlap is not a per se bar to admission of the prior conviction under rule 609.  <u>United States v. Lewis</u>, 200 U.S. App. D.C. 76, 86-87, 626 F.2d 940, 950-51 (1980); <u>see also</u> <u>Causey</u>, 9 F.3d at 1344 (upholding conviction on weapons charges where defendant was impeached during trial with prior § 922(g) conviction).

Finally, as explained above, the last two <u>Jackson</u> factors, the importance of the defendant's testimony and the degree to which his credibility will be central to the case, weigh heavily in favor of admitting any prior conviction for impeachment.

In sum, with three of the five <u>Jackson</u> factors weighing in favor of admission, coupled with the fact that the jury will necessarily have heard some evidence that the defendant was previously convicted of three prior felonies, and perhaps evidence as well of the conduct underlying the prior § 922(g) conviction, the government should be permitted to impeach the defendant with the fact of this conviction.

<u>Conclusion</u>

    The government should be permitted to impeach the defendant with evidence of his three prior felony convictions.  A proposed order is attached.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

                                /s/
          by: _____
                Michael C. Liebman
                Assistant United States Attorney
                D.C. Bar No. 479562
                555 Fourth Street, N.W., room 4231
                Washington, D.C.  20530
                353-2385
                michael.liebman@usdoj.gov