UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-285(RMC) |
| CHRISTOPHER HAYNIE | ) ) ) ) | |

### DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Defendant, Christopher Haynie, through undersigned counsel, respectfully moves the Court to Suppress any and all Statements taken in violation of the Constitution in relation to his arrest on June 2, 2006. The motion to suppress is submitted pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

### BACKGROUND

**Procedural Background**

On June 2, 2006, Mr. Haynie was arrested and charged pursuant to the District of Columbia Criminal Code with Burglary while armed, carrying a pistol without a license, possession of unregistered ammunition, possession of an unregistered firearm and a traffic violation. The charges were filed in a Prosecution Report more commonly known as the PD 163. Mr. Haynie's arrest took place after Metropolitan Police Officers executed a search warrant for Mr. Haynie's residence located at 3603 22nd Street, SE Washington, D.C. Prior to the execution of the search warrant a Superior Court Judge had issued a warrant for Mr. Haynie's arrest. The latter warrant was issued

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Haynie's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

in reference to an incident that took place on May 26, 2006. That incident involving Mr. Haynie's ex-girlfriend constituted the underlying facts included in the affidavit in support of the search warrant. A search of the premises led to the recovery of a firearm, illegal narcotics and sixty three dollars.

On September 26, 2006a Federal Grand Jury returned a four-count indictment charging Mr. Haynie with one count of possession of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and three counts of simple possession of controlled substances in violation of 21 U.S.C. § 844(a).

**Factual Background**

According to the affidavit for the application for a search warrant the residence located at 3603 22nd Street, NE became the target of a search warrant on account of an incident that took place on May 26, 2006. As recounted in the affidavit Mr. Haynie is alleged to have entered without permission the residence of his ex-girlfriend's residence located at 2808 Jasper Road SE. Mr. Haynie and the ex-girlfriend have two children together. Once inside the apartment Mr. Haynie is reported to have displayed a knife and a "small silver colored handgun." Before leaving 2808 Jasper Road, Mr. Haynie is alleged to have taken some property that belonged to his ex-girlfriend.

On June 1, 2006, Investigator Sylvan A. Altieri filed an affidavit in support of a search warrant which amplified on the above allegations. Investigator Altieri requested the search warrant with the objective of seizing "any and all handgun, ammunitions . . . and any long bladed knives." On June 2, 2006, Metropolitan Police officers executed the search warrant. The Officers entered 3603 22nd Street, SE by breaking the door open with a battering ram. The officers claimed resorting to the battering ram only after no one answered the door in response to their knocking and after waiting a reasonable period of time. A search of the residence resulted in the recovery of a firearm,

small plastic bags containing marijuana, a few bags containing cocaine base, and blue pills which were classified as ecstacy pills.

During the execution of the search warrant Mr. Haynie was found inside the residence and placed under arrest. Mr. Haynie was transported to the 7th District Police Station where he was interrogated by investigators. Mr. Haynie submitted to an interrogation that was videotape. The government has stated its intention to present Mr. Haynie's videotape statement in trial.

### I. M.R HYNIE'S VIDEOTAPE STATEMENT MUST BE SUPPRESSED BECAUSE IT WAS INVOLUNTARILY AND TAKEN IN VIOLATION OF MIRANDA[2]

A.  The Court must suppress Mr. Haynie's statement unless the government can demonstrate Mr. Haynie made the statement voluntarily

The government has provided a video taped statement that Mr. Haynie made when he was taken to the 7th District Police Station after the execution of the search warrant. The statement, which is actually an extensive and contentious interrogation, is in reference to the allegations concerning the incident that took place on May 26, 2006 inside 2808 Jasper Road SE. The interrogation also is intertwined with questions regarding the recovery of the firearm inside 3603 22nd St. SE. Before introducing the statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See Mincey v. Arizona, 437 U.S. 385, 398 (1978); Lego v. Twomey, 404 U.S. 477, 489 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961).

The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey, 437 U.S. at 401. The Court must consider

---

[2]  Miranda v. Arizona, 384 U.S. 436, 444 (1966)

the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191, 197 (1957); see also Gallegos v. Colorado, 370 U.S. 49, 52 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible "involves close scrutiny of the facts of individual cases"). Specifically, the Court must examine the efforts on the part of Mr. Haynie's interrogator to overbear his free will in relation to his capacity to resist those efforts. See Davis v. North Carolina, 384 U.S. 737 (1966). The Court must examine Mr. Haynie's background, experience, and conduct to determine whether his statement was the product of a "rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 207-08 (1980). The Court must suppress Mr. Haynie's statements unless the government can demonstrate, in light of all of these considerations, that the videotape statement was given voluntarily.

B.  This Court must suppress Mr. Haynie's statement because it was obtained in violation of the right against self-incrimination pursuant to Miranda

Even if Mr. Haynie voluntarily provided his statement, Miranda requires suppression of the statement during the government's case-in-chief because Mr. Haynie was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 589-90 (1990). A person is in "custody" for purposes of Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody, depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those

normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). The government will be unable to demonstrate, at a hearing, that Mr. Haynie's statement was not made in response to custodial interrogation -, i.e., in response to words or actions that officers should have known would elicit an incriminating response.

## CONCLUSION

For the foregoing reasons, defendant Christopher Haynie requests this Court to suppress the videotape statement that Mr. Haynie made inside the 7th District Police Station on June 2, 2006.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500