```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**        )
                                    )
     **v.**                              )   No. 1:06-CR-285-RMC
                                    )
**CHRISTOPHER HAYNIE**              )

Government's Supplemental Consent Motion for Extension of Time to File Memorandum in Opposition to Defendant's Motion to Suppress <u>Statements</u>

    The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves, pursuant to rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure, for an extension of time within which to file a memorandum in opposition to defendant Christopher Haynie's motion to suppress statements.

<u>Background</u>

    On November 16, 2006, the parties appeared before the Court for a status hearing. After a discussion of plea negotiations and Speedy Trial Act issues, counsel for the defendant indicated the defense would be moving to suppress a post-arrest videotaped statement of the defendant. The Court ordered the defense to file its motion to suppress by November 24, 2006. No specific deadline was set for the government to file any response, and no date for a motions hearing was set. The Court did set a further status hearing for January 4, 2007.

    On November 22, 2006, the government filed motions under rules 404(b) and 609 of the Federal Rules of Evidence. According

to the ECF notices received by the government confirming its filings, counsel for the defendant received e-mail service on behalf of the defendant on the same date. On November 24, 2006, the defendant filed a timely motion to suppress statements, which the government received by ECF/e-mail service the same day. Pursuant to Rule 45 of the Federal Rules of Criminal Procedure and rule 47(b) of the Local Criminal Rules, the defendant's time to file any memorandum of points and authorities in opposition to the government's motions expired on December 6, 2006, and the time for the government to file a memorandum in opposition to the defendant's suppression motion expired on December 8, 2006. To date, neither party has filed any responsive pleadings.[1]

The government submits that its failure to file a timely opposition is due to excusable neglect, and moves the Court to grant an extension of time to December 22, 2006. The government neglected to file a timely opposition because the undersigned AUSA incorrectly assumed that the lack of any specific response deadline set by the Court, and the lack of any motions hearing date, allowed the government to file its opposition any time reasonably in advance of the next status hearing date of January

---

[1] On December 20, 2006, counsel for the defendant asked the undersigned AUSA if the government would oppose an extension of time for the defendant to file an opposition to the government's rule 404(b) motion. The government advised counsel it would not oppose an extension. To date, the government has not been served with a defense motion to extend time.

4, 2007.  Cf. Fed. R. Cr. P. 47(d) (allowing a party responding to a motion with an accompanying affidavit to file any opposing affidavit at least one day before the hearing date for the motion).  While the government should have been aware of the 11-day default response deadline established by rule 47 of the Local Criminal Rules,[2] the undersigned AUSA had not previously litigated a case in this district where the court had not set specific deadlines for the parties to respond to motions.

On December 20, 2006, a supervisor for the undersigned AUSA e-mailed a reminder to the prosecutors under her supervision of the importance of complying with motions and response deadlines and the need to file a motion to extend time when such an extension is needed.  Although the e-mail did not specifically reference the 11-day default response deadline, it prompted the undersigned AUSA to review all of his assigned cases to ensure that all filing deadlines had been met.  The case captioned above was the only such case where the government had missed a motions or response deadline.

Counsel for the defendant has advised that the defendant does not oppose this motion.  A proposed order granting the

---

[2] The government calculated the response deadlines set out in the text based on application of local rule 47 and the additional three days allowed for a response when service of a "notice or a paper" occurs electronically, an extension allowed for by rule 45(c) of the Federal Rules of Criminal Procedure and rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.

extension was filed with the government's original motion to extend (which the Court denied without prejudice on December 22, 2006).

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY

by: _____
     Michael C. Liebman

     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20004
     353-2385
     michael.liebman@usdoj.gov