**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:06-CR-285-RMC |
| | ) | |
| CHRISTOPHER DEE HAYNIE | ) | |

 Government's Memorandum of Points and Authorities in Opposition
to Defendant Christopher Haynie's Motion to Suppress Statements

 The United States of America, by and through the United
States Attorney for the District of Columbia, hereby opposes
defendant Christopher Haynie's motion to suppress statements.

Background

 Defendant Haynie has now been charged in a superseding
indictment with one count of being a felon in possession of a
firearm and ammunition, a second count of being a felon in
possession of ammunition, one count of simple possession of
marijuana, one count of simple possession of ecstasy, and one
count of simple possession of cocaine base, also known as crack.
All of the charges are alleged to have occurred on or about June
2, 2006.  The felon-in-possession charges rely on the defendant's
1999 conviction in this Court for being a felon in possession of
a firearm and ammunition; and a 1999 conviction in Maryland for
armed robbery with a dangerous and deadly weapon and use of a
handgun during the commission of a felony or crime of violence.

The superseding indictment was returned on December 21, 2006.  The defendant has not yet been arraigned on the new indictment.[1]

The charges all stem from a Superior Court search warrant executed on June 2, 2006, at 3603 Twenty-second Street, S.E., Washington, D.C., that resulted in the recovery of a .25 caliber handgun loaded with 3 rounds of .25 caliber ammunition; 15 rounds of .45 caliber ammunition; five small ziplock bags and a separate piece of plastic wrap containing a total of 1.3 grams of cocaine base, also known as crack; six and one-half tablets of ecstasy, totaling 1.66 grams; and 12 small ziplock bags containing a total of 13.7 grams of marijuana.  The defendant, who was alone in the apartment at the time the police entered, and who was wanted on a Superior Court arrest warrant for first-degree burglary while armed, was immediately taken into custody.

The police entered the residence at 6:46 a.m.  At approximately 8:40 a.m., the defendant waived his rights orally, on videotape, and in writing, and gave a videotaped statement to Metropolitan Police Department Detective Anthony Greene. Although questioned primarily about the burglary incident, which had occurred on May 26, 2006, at a different location, the

---

[1]The superseding indictment added a new charge, felon in possession of .45 caliber ammunition.  The defendant was previously arraigned on the original indictment, and pled not guilty.

defendant also admitted that he regularly slept in the residence where the search warrant was executed.  He also acknowledged that the police had recovered a gun and drugs from the residence during the search warrant, but claimed those items did not belong to him.

On November 24, 2006, the defendant moved to suppress the videotaped statement, on grounds that it was obtained involuntarily and in violation of Miranda v. Arizona, 384 U.S. 436 (1966).  The motion should be denied.

### The Defendant's Statement Was Made Voluntarily.

The Due Process Clause of the Fifth Amendment bars the admission in a federal criminal trial of admissions or confessions that were made involuntarily.  See Mincey v. Arizona, 437 U.S. 385, 398 (1978).  However, when an accused challenges the admissibility of a confession or admission on the grounds of involuntariness, the government need only prove voluntariness by a preponderance of the evidence.  See Lego v. Twomey, 404 U.S. 477, 488-89 (1972); United States v. Bernett, 161 U.S. App. D.C. 363, 381 n. 140, 495 F.2d 943, 961 n. 140 (1974).  The determination of voluntariness requires an examination of all the circumstances of the interrogation.  Mincey, 437 U.S. at 401. But there can be no finding of involuntariness unless there has been "coercive activity" by the police.  Colorado v. Connelly, 479 U.S. 157, 167 (1986).  Among the factors to be considered in

3

determining whether a statement to the police was voluntarily made are the youthfulness of the accused, his lack of education, his low intelligence, whether he was advised of his constitutional rights, the length of detention, the repeated or prolonged length of the questioning, and the use of physical punishment.  See Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973); see also 18 U.S.C. § 3501.

In this case, at the outset of the questioning, the defendant was indeed advised of his constitutional rights, i.e., his right to remain silent, and his right to the assistance of counsel during questioning, which rights he waived in writing. See PD-47 form (attached).  Furthermore, the defendant has a lengthy prior arrest record,[2] and is therefore familiar both with his rights and police procedures.  See United States v. Guillam, 372 F.3d 848, 857 (7th Cir.), cert. denied, 543 U.S. 969 (2004). In addition, the defendant was 38 years old at the time of the interview, stated he had attended school up to the eleventh grade, and acknowledged he could read and write.  Also, the interview began less than two hours after the defendant was taken into custody, lasted less than an hour, and involved no physical coercion.  Indeed, the videotape shows that the defendant was uncuffed during the interview, was provided a bottle of water to

---

[2]The defendant appears to have been arrested at least five times prior to his arrest in this case.

4

drink, and was never physically threatened or touched by the detective.

For all of these reasons, the defendant's statement was not made involuntarily.

## The Defendant Was Adequately Apprised Of His Privilege Against Self-Incrimination, and Voluntarily Waived His Privilege.

Curiously, the defendant does not assert that his oral and written waivers of his Miranda rights were invalid. Rather, he argues only that he was not "adequately apprised" in the first place of his Fifth Amendment privilege against self-incrimination.[3]

However, as the attached PD 47 shows, the defendant was advised of all the rights required by Miranda. See 384 U.S. at 435. The videotape of the interview, which will be presented at any hearing on the defendant's motion, confirms this.

In any event, to the extent there may be a future challenge to the validity of the waivers, the government need only establish, by a preponderance of evidence, that the Miranda waiver was voluntarily made. See Missouri v. Seibert, 540 U.S. 600, 609 n.1 (2006). As Judge Huvelle has recently held, the circumstances of an interrogation are equally relevant in

---

[3]The defendant also asserts that "the government will be unable to demonstrate . . . that Mr. Haynie's statement was not made in response to custodial interrogation." The government concedes that the videotaped statement was in response to custodial police interrogation.

determining whether a statement to the police was made voluntarily, and in determining whether there has been a valid waiver for Miranda purposes.  United States v. Karake, 443 F. Supp. 2d 8, 52 (D.D.C. 2006).

For the reasons set forth in the preceding section, the defendant's Miranda waivers were voluntary.

<u>Conclusion</u>

Defendant's motion should be denied.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/

by: _____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20004
353-2385
michael.liebman@usdoj.gov