UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                              )       Crim. No. 06-285(RMC)<br>)<br>CHRISTOPHER HAYNIE           )<br>) | |

**DEFENDANT CHRISTOPHER HAYNIE'S OPPOSITION TO THE
GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT
TO FEDERAL RULES OF EVIDENCE 404(b) AND 609**

Defendant, Christopher Haynie, through undersigned counsel, respectfully moves the Court to deny the Government's Motion to Admit Evidence of "Prior Bad Acts" pursuant to Federal Rule of Evidence 404(b) and Evidence to Impeach Mr. Haynie with his prior convictions pursuant to Federal Rule of Evidence 609.

### BACKGROUND

**Procedural Background**

On June 2, 2006 Mr. Haynie was arrested and charged pursuant to the District of Columbia Criminal Code with Burglary while armed, Carrying a pistol without a license, possession of unregistered ammunition, possession of an unregistered firearm and a traffic offense. The charges were filed in a Prosecution Report more commonly known as the PD 163. Mr. Haynie's arrest took place pursuant to a warrant and after Metropolitan Police Officers executed a search warrant for his residence located at 3603 22nd Street, SE Washington, D.C.

A Superior Court Judge had issued a warrant for Mr. Haynie's arrest in reference to an

incident that took place on May 26, 2006. That incident involving Mr. Haynie's girlfriend constituted the underlying facts for the affidavit in support of the search warrant. A search of the premises led to the recovery of a firearm, illegal narcotics and a substantial amount of money.

A Federal Grand Jury returned a four count indictment charging Mr. Haynie with one count of possession of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and three counts of simple possession of controlled substances; cocaine base (count 2), ecstacy (count 3), and cannabis (count 4) in violation of 21 U.S.C. § 844(a) 924(c)(1).

On November 22, 2006 the Government filed a Motion to Admit Evidence of Prior Bad Acts Pursuant to Federal Rule of Evidence 404(b) and Motion to Impeach with Prior Convictions pursuant to Federal Rule of Evidence 609. The government is alleging among other factors, that the evidence of Mr. Haynie's prior convictions are probative, relevant and marginally prejudicial. For the reasons stated in the following discussion, undersigned counsel moves the Court to deny the government's request to admit evidence pursuant to Federal Rules of Evidence 404(b) and 609.

**Mr. Haynie's Prior Bad Acts**

In its Motion to Admit 404(b) evidence the government is seeking to admit evidence of the following:

1) Allegations that Mr. Haynie possessed a firearm during the course of a burglary on May 26, 2006. Those allegations are the basis for a pending armed burglary case in the Superior Court for the District of Columbia;

2) Evidence of a prior misdemeanor conviction in 2004 for possession with intent to distribute marijuana;

3) Evidence of a 1999 conviction for Possession of a Firearm in violation of 18 U.S.C. §

922(g)(1);

    4) Evidence of a 1998 conviction for Possession of Marijuana and evidence of a firearm that was recovered on the floorboard of the vehicle that Mr. Haynie was driving; and

    5) Evidence of a 1995 conviction for robbery with a dangerous and deadly weapon;

The government wants to introduce evidence of the 1994, 1998 and 1999 convictions to show that Mr. Haynie on June 2, 2006 "exercised dominion and control over the .25 caliber firearm and ammunition [] and that the possession of that particular contraband was neither a mistake nor an accident." Gov. 404(b) Motion at 7. that was recovered inside the residence of 3602 22nd St. SE.

The government is moving to introduce evidence of the pending armed burglary case in order to show that the gun used in the armed burglary is the same gun recovered during the execution of the search warrant on May 26, 2006 and which is the basis for Count One the indictment charging Mr. Haynie before this Court.

The government is also seeking to admit evidence of the convictions involving the possession and distribution of Marijuana in 1998 and 2004 to show that Mr. Haynie knows how to sell drugs; that he knows how to get drugs; where to get them and what they look like. Gov Motion at 14.

### ARGUMENT

**I.  EVIDENCE OF THE ALLEGED PRIOR BAD ACTS ARE EITHER UNRELIABLE, NOT RELEVANT AND PREJUDICIAL AND THEREFORE INADMISSIBLE PURSUANT TO F.R.E. 404(b), 402 AND 403**

"In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988). Thus far the government has presented no documentary or testimonial evidence to substantiate the allegations that in 1998 Mr. Haynie possessed a firearm in relation to

the misdemeanor conviction for possession of marijuana. Likewise the government has not produce any evidence to support that in 1994 Mr. Haynie was in possession of a firearm in the course of committing a robbery. Similarly, the government wants to introduce evidence of a pending case in which he is charged with burglary while armed without having provided any reliable documentation or credible testimony that Mr. Haynie committed the alleged conduct.

As a result, evidence of those three incidents are inadmissible.[1] At a minimum, a hearing before this Court should occur to determine whether the threshold Huddleston standard has been met. See United States v. Livoti, 8 F. Supp. 2d 250, 252 (S.D.N.Y. 1998) ("[defendant] contends that this standard has not yet been satisfied with respect to [an alleged] incident. For this reason, a hearing will be held to hear the Government's evidence as to this incident").[2]

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C.Cir.1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C.Cir.1994)). To be probative

---

[1] Moreover, in the event that the government produces reliable evidence, Mr. Haynie reserves the right to challenge the introduction of that evidence at trial if obtained pursuant to an unconstitutional stop/search or involuntary confession.

[2] The Livoti court's approach is a prudent one. Although Huddleston does not require a preliminary finding by the Court under Fed. R. Evid. 104(a) that the government has proven the alleged prior bad acts by a preponderance of the evidence, see Huddleston, 485 U.S. at 688-89, such evidence is irrelevant under Rule 401-402 – and thus inadmissible – if a reasonable jury cannot conclude that the alleged prior bad act occurred. In the instant case, particularly given the inflammatory nature of the alleged prior bad act, the risk of incurable error involved in admitting such evidence as conditionally relevant is too great, regardless of what a limiting instruction might state, if the evidence is presented to a jury and the Court then determines that the evidence fails to meet the standard. Accordingly, a pretrial hearing should occur in this case in the interests of both fairness and judicial economy.

of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

A.     **Evidence of Mr. Haynie's Alleged Prior Bad Acts Are Not Probative of Any Material Issue Other than Propensity**

Assuming that the government can produce certified copies of Mr. Haynie's prior convictions relating to the misdemeanor narcotic offenses and the Maryland armed robbery conviction, evidence of those convictions are irrelevant to any material issue other than propensity. The government argues that it wants to introduce evidence of the 1994, 1998 and 1999 convictions to show that Mr. Haynie on June 2, 2006 "exercised dominion and control over the .25 caliber firearm and ammunition [] and that the possession of that particular contraband was neither a mistake nor an accident." Gov. 404(b) Motion at 7.

The government is moving to introduce evidence of the pending armed burglary case in order to show that the gun used in the alleged armed burglary on May 26, 2006 was the same gun that was recovered in the search warrant on June 2, 2006 which is the basis for the indictment charging Mr. Haynie before this Court.

The government is also seeking to admit evidence of the 1998 conviction for possession with intent to distribute marijuana in 1998 and the 2004 conviction for possession of marijuana to show that Mr. Haynie knows how to sell drugs; that he knows how to get drugs; where to get drugs and what drugs look like. Gov Motion at 14.

The government concedes that the May 26, 2006 allegation "[i]s not technically evidence of other crimes, wrongs, or acts covered by rule 404(b)". Gov. Motion at 6 fn.6 Notwithstanding that recognition the government insists that not only is the evidence admissible under F.R.E. 404(b) but that it is also admissible because the May 26, 2006 armed burglary and the June 2, 2006 possession of a firearm before this court "constitutes a single offense". (Gov. Motion at 12)

However, the government is off the mark in citing U.S. v. Towne 870 F.2d 880 (2nd Cir. 1989) and U.S. v. Bowie 232 F.3d 923 (D.C. Cir. 2000) since those cases involved similar conduct and in particular actual possession offenses. In Bowie the defendant was charged and tried for possessing counterfeit currency on May 16, 1997. At trial the government presented evidence that previously on April 17, 1997 the defendant was in constructive possession of identical counterfeit currency. The and charged in the indictment that he possessed on May 16, 1997. The trial court admitted evidence of the April 17, 1997 counterfeit currency because it was "[n]ot barred by Rule 404(b) on the basis that it was 'inextricably intertwined with possession of [the] counterfeit bill on May 16." Id. at 927 The trial court also admitted the April 17, 1997 evidence because it showed the defendant's state of mind, in particular, of his motive to defraud and his knowledge that the currency was counterfeit, which qualified for admission without violating the propensity prohibitions of 404(b). Yet, the Court did note that "[i]t cannot be that all evidence tending to prove the crime is part of the crime." Id at. 929. Moreover, the Bowie Court recognized that "in a narrow range of circumstance...evidence can be intrinsic to' the charged crime. Id.

In Bowie the evidence was inextricably intertwined because the defendant put the counterfeit currency in the location where the police ultimately seized it from. The location of the seizure is part of the "the charged crime of possessing counterfeit currency." Id In Towne the Court held that the

6

"continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single offense.") However, allegations and facts relating to an armed burglary and constructive possession of a gun inside of an apartment is not and cannot "constitute a single offense." The former is an assault crime that involves actual possession of a firearm and specific intent. The charged offense is a constructive possession crime that will have to be proved through circumstantial evidence. Accordingly, the two crimes are neither a single offense nor are they intrinsically linked.

The government relies on United States v.Garner, 364 396 F.3d 438 (2005) as the basis for admitting the "1994, 1998, and 1999 incidents, and the contemporaneous possession of the .45 caliber ammunition." Gov. Motion at 8. The government accurately summarizes the salient facts of Garner but that case presented a set of facts which are not present in the instant case. First, Garner implicated both actual and constructive possession of a firearm inside of a car. The defendant was observed sitting in the front passenger seat of a car that was stopped for a traffic investigation. When he was ordered out of the car defendant Garner refused to do so. At some point one officer saw Garner removing a "large silver handgun" from his waistband, [and] place[d] it under the passenger seat" Id at 439. Another officer saw the defendant moving in a threatening manner. Id. Ultimately, after the defendant was physically removed from the car a firearm was discovered under the front passenger seat. In Garner the other crimes evidence involved an almost identical incident where a Park Police Officer had previously stopped a vehicle in which Garner was the front seat passenger. After he was removed from the car a firearm was recovered underneath the front passenger seat. Id at 440.

Garner relied on United States v. Linares, 361 F.3d 941(2004) because the thrust of the government's theory was actual possession. But because the gun was not found on Garner, his

7

reliance on Linares was misplaced. Since the firearm was found underneath the very seat that he was sitting on, the prior, almost identical incident, "[m]ade it more likely that Garner was in knowing possession of the loaded handgun found beneath his seat." Garner at 444. In the instant case none of the prior incidents that the government wants to introduce contain the narrowly focused basis that 1) make the evidence of the prior incidents relevant to the instant case and 2) are admissible to show proof of motive, knowledge, or absence of mistake or accident.

Since none of the government's proffered evidence is necessary to prove any relevant material issue the only purpose for the admission of Mr. Haynie's prior convictions and uncharged allegations for gun possessions, assaultive conduct and, drug related convictions are to make Mr. Haynie's character an issue, which is contrary to "[t]he presumption of innocence [] that a defendant must be tried for what he did, not for who he is." Id at 945 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985)(internal quotations marks omitted) Because the alleged other incidents are simply irrelevant—they are being offered only to show that because Mr. Haynie has on previous occasions possessed firearms, it is more likely that he possessed it on this occasion, and that is not a permissible purpose under Rule 404(b).

Mr. Haynie's prior convictions are arguably "relevant" for purposes of 404(b) (relevant to a non-propensity issue) only with regard to his familiarity with a firearm as opposed to his mistaken belief that the firearm recovered on June 2, 2006 was some benign object. Mr. Haynie will not argue that he believed the weapon seized on June 2, 2006, was not a firearm capable of firing bullets. If he presents evidence, testimony or argument to that effect, Mr. Haynie concedes that the government should be allowed to introduce evidence of Mr. Haynie's prior knowledge and possessions of firearms. Otherwise, the probative value of the convictions on the issue of Mr. Haynie's guilt is too

attenuated to justify admission pursuant to Rule 404(b).

**B.     Evidence of the Alleged "Prior Bad Acts" Should be Excluded Pursuant to Rule 403**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

The weak probative value of the proffered evidence concerning Mr. Haynie's alleged "prior bad acts" stands in stark contrast to the severe prejudicial impact the evidence would have on the jury. As an initial matter the sheer number of prior bad acts that the government wants to introduce will invariably become the focus of the trial. After the admission either by proffer or by live testimony regarding the prior bad acts, the jury will actually have heard more prior bad testimony than the evidence concerning the instant offense. At that point the only relevancy concerning the six instances of bad acts will actually turn into an indictment of Mr. Haynie's character and that he is a habitual criminal. F.R.E. 404(b) explicitly prohibits that conclusion or result.

Equally important is that a curative or limiting instruction is not going to undo or even neutralize the damage of a jury hearing that Mr. Haynie has been previously convicted on four occasions. Potentially even more prejudicial and confusing will be the testimony concerning bad acts that did not result in a conviction. Upon hearing evidence of possessing either a firearm or illegal narcotics the jury will be left speculating as to why there was a conviction with respect to four acts, and why there were no convictions regarding the other two. It would reasonable for a jury to

conclude that Mr. Haynie actually committed a crime and managed avoid justice. With those uncertainties hanging in the air the jury may conclude that notwithstanding the evidence they are not going to allow Mr. Haynie to avoid justice on this occasion.

The prejudicial effect will be magnified by the nature of the bad acts that the government is seeking to introduce. The combination of firearm possession, using a firearm during a domestic assault, using a firearm during the commission of a robbery, and narcotics distribution offenses will lead jurors to make the impermissible inferences that someone who was previously convicted of possessing firearms, using a firearm during a robbery and an assault, distributing drugs and distributing drugs is more likely to possess a firearm and drugs on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent. The jury will actually look at the evidence and conclude that Mr. Haynie is career gun toting drug dealer.

**C.    The Other Acts Evidence is Not Necessary**

To be admissible, other acts evidence must also be necessary. "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997). Clearly, the prior alleged gun possessions the government seeks to admit are not necessary to prove an essential element of the charged crime because they are not probative of those elements. Additionally, because the evidence is completely unrelated to the instant case, it does not furnish any context of the crime alleged in the indictment.

The 2004 misdemeanor conviction for possession with intent to distribute marijuana and the 1998 conviction for possession of marijuana are not relevant to whether on June 2, 2006 Mr. Haynie possessed crack cocaine, marijuana and ecstacy. Possession with intent to distribute requires the

elements of intent and knowledge which are not required in a prosecution for simple possession of narcotics.

**II.    THIS COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO ADMIT EVIDENCE OF MR. HYNIE'S PRIOR CONVICTIONS PURSUANT TO RULE 609**

The government may not impeach a witness with evidence of a prior conviction unless (1) the conviction is a crime involving dishonesty or false statement, see Fed. R. Evid. 609(a)(2), or (2) the conviction is a felony and the probative value of the conviction on the question of credibility outweighs the prejudicial effect to the accused, see Fed. R. Evid. 609(a)(1). While true that all felony convictions are probative of truthfulness to some degree, see United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc), it is also true that "when a defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much." Id. The prejudice is especially great when the witness being impeached is the defendant himself. Lipscomb, 702 F.2d at 1063.

In deciding whether the probative value outweighs the prejudicial impact, the Court must "carefully and thoughtfully consider the information before it" and make sure that the balancing does "not become a ritual leading inexorably to admitting the prior conviction into evidence." Id. at 1063. As a result, the Court may look at the underlying facts of the prior conviction to determine (1) the degree to which the prior conviction is probative of truthfulness, and (2) whether the prejudicial impact of that conviction outweighs its probative value. Id. at 1068.

The weak probative value of Mr. Haynie's prior convictions stand in stark contrast to the likely prejudicial impact, particularly for a conviction for a robbery with a handgun. Even with a limiting instruction, there exists a grave danger that jurors in Mr. Haynie's case will lower the bar

for conviction or give less scrutiny to the facts because they do not fear convicting an "innocent" man. Even worse, jurors may use this case as a pretext to punish Mr. Haynie for his previous behavior or to ensure that a perceived violent person is not released into the community.

Moreover, even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously committed a crime is more likely to commit other crimes in the future. Indeed, the assumption that a limiting instruction can overcome the prejudicial effects of such evidence is "'unmitigated fiction,'" which "require[s] the jury to perform 'a mental gymnastic which is beyond, not only their powers, but anybody else's.'" Lipscomb, 702 F.2d at 1062 (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), and Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.)).

Given the nature of Mr. Haynie's prior offenses, robbery with a dangerous weapon and a previous conviction for possessing a firearm the inevitable prejudicial impact clearly outweighs any probative value the evidence might have regarding Mr. Haynie's credibility.

**CONCLUSION**

For the foregoing reasons, and any additional reasons adduced at a hearing, this Court should deny the government's motion seeking admission of evidence pursuant to Federal Rules of Evidence Evidence 404(b) and 609

                                  Respectfully submitted,
                                  A.J. KRAMER
                                  FEDERAL PUBLIC DEFENDER

                                  /s/
                ————————————————
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500