```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**        )
                                    )
          v.                        )   No. 1:06-CR-285-RMC
                                    )
**CHRISTOPHER DEE HAYNIE**          )

Government's Reply to Defendant's Opposition to Government's Motion to Admit Evidence Pursuant to Federal Rules of Evidence 404(b) and 609

The United States of America, by and through the United States Attorney for the District of Columbia, hereby replies to the Defendant's Opposition to Government's Motion to Admit Evidence Pursuant to Federal Rules of Evidence 404(b) and 609, filed on January 22, 2007.

Procedural History

Defendant Christopher Dee Haynie has pled not guilty to a superseding indictment charging him with being a felon in possession of a firearm and ammunition (both .25 caliber), being a felon in possession of ammunition (.45 caliber), and three counts of simple possession of marijuana, cocaine base (also known as crack), and ecstasy, all occurring on or about June 2, 2006.  The charges all relate to contraband seized from the defendant's residence on that date, pursuant to a search warrant.

At a status hearing on November 16, 2006, the Court inquired whether the parties would be filing any motions.  Counsel for the defendant advised the defense would be filing a motion to suppress a post-arrest statement by the defendant.  The Court

ordered the defendant to file the motion no later than November 24, 2006. No mention was made of any additional defense motions. On November 24, 2006, the defendant filed a motion to suppress, as to which the government--after seeking leave of court for an extension of time[1]--filed its memorandum in opposition on December 22, 2006.

The government filed timely, separate motions under rules 404(b) and 609 of the Federal Rules of Evidence on November 22, 2006. On December 20, 2006, counsel for the defendant asked the undersigned if the government would oppose an extension of time for the defendant to respond to the government's 404(b) motion. The government advised it would not oppose an extension. The government's rule 609 motion was not discussed.

The parties appeared for a status hearing on January 4, 2007. During the hearing, the defendant requested additional time to file a response to the government's 404(b) motion and to file a reply to the government's opposition to the defendant's suppression motion. The government had no opposition to these requests, but asked the Court to set deadlines for the defendant

---

[1] Although the Court had not set a deadline for the government to respond to the suppression motion, the government missed the default deadlines established by the Federal Rules of Criminal Procedure and the Local Criminal Rules. Initially, the Court denied the government's unopposed motion to extend time to file its opposition, for failure to show excusable neglect. The Court subsequently granted the government's supplemental motion for an extension.

to file these pleadings. With the concurrence of counsel for the defendant, the Court set a deadline of January 11, 2007, for the defendant to respond to the government's rule 404(b) motion, and a deadline of January 18, 2007, for the defendant to file any reply on the suppression issue. Counsel for the defendant made no indication that the defendant would be responding to the government's rule 609 motion.

On January 22, 2007, the defendant filed a consolidated opposition to the government's rule 404(b) and 609 motions. The defendant's opposition to the 404(b) motion was filed eleven days after the Court's deadline; his opposition to the 609 motion was filed almost seven weeks after the default deadline (December 6, 2006) established by rule 45 of the Federal Rules of Criminal Procedure and rule 47(b) of the Local Criminal Rules.

To date, the defendant has filed no reply on the suppression issue.

### Argument

#### The Government's Rule 609 Motion Should Be Considered As Conceded By the Defendant.

Pursuant to rule 47(b) of the Local Criminal Rules, the government requests that the Court treat the government's motion under rule 609 as conceded by the defendant. Although the defendant's opposition to the government's rule 404(b) motion was also untimely, because it was only 11 days late--as opposed to

3

nearly seven weeks--the government is not requesting that that motion be ruled conceded.

### The Superseding Indictment Has Mooted The Government's 404(b) Motion With Respect To The Recovered .25 Caliber Ammunition.

At the time the government filed its rule 404(b) motion, the defendant had not been indicted with respect to any .25 caliber ammunition recovered during the search. The superseding indictment, returned on December 21, 2006, added a felon-in-possession count with respect to that ammunition. Accordingly, there is no longer any issue as to whether evidence of the .25 caliber ammunition constitutes "other crimes" evidence under rule 404(b).

### There Is No Requirement That Evidence of Other Crimes Be Admitted Only If "Necessary."

In his opposition on the 404(b) issue, the defendant relies on a four-part test adopted by the U.S. Court of Appeals for the Fourth Circuit in United States v. Queen, 132 F.3d 991 (4th Cir. 1997), cert. denied, 523 U.S. 1101 (1998), requiring that, among other things, proffered 404(b) evidence be "necessary" in order to be admitted. See Defendant's Opposition at 10.

The Queen case, however, was decided three years before the decision by this Circuit's Court of Appeals in United States v. Bowie, 344 U.S. App. D.C. 34, 232 F.3d 923 (2000). In Bowie, the Court of Appeals set out a two-part test for admissibility of 404(b) evidence: (1) is the other crime or act relevant and (2)

is the other crime or act relevant to something other than the defendant's character or propensity?  Not only is necessity not listed, the <u>Bowie</u> Court, in fact, specifically <u>rejected</u> a test that would classify other crimes evidence as falling outside the provisions of the rule if it were somehow "<u>necessary</u> to complete the story of the crime on trial."  <u>Id.</u> at 38-40, 232 F.3d at 928-29 (emphasis added; internal quotation marks omitted).

More importantly, the <u>Queen</u> decision and the exclusively Fourth Circuit precedent it relies upon, represent an improper amalgamation of two kinds of rule 404(b)-type evidence.  The first type is other crimes or bad acts evidence that is relevant to an issue other than the criminal propensity of the accused.  The second type is evidence of other crimes or bad acts committed by the criminal defendant that, in the words of the Fourth Circuit, is "necessary" because it "is an essential part of the crimes on trial, or where it furnishes part of the context of the crime."  <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 & n.4 (4th Cir. 1988) (citations and internal quotation marks omitted).

It is this second category of rule 404(b)-type evidence that the <u>Bowie</u> Court specifically sought to curtail, because it had been used to "relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request."  <u>Bowie</u>, 344 U.S. App. D.C. at 38, 232 F.3d at 927.  After <u>Bowie</u>,

evidence of other crimes or bad acts by the defendant avoids rule 404(b) notice and admissibility requirements only if the evidence is of an act "that is part of the charged offense" or an act that was "performed contemporaneously with the charged crime . . . [and] facilitate[d] the commission of the charged crime."  Id. at 40, 232 F.3d at 929.

In this case, the government is only relying on this theory of admissibility with respect to the May 26, 2006, incident where the defendant held the same handgun that is the subject of one of the felon-in-possession counts in the superseding indictment. Out of an abundance of caution, the government has provided notice of its intent to present evidence of that incident, but after Bowie, such evidence is not properly analyzed under rule 404(b).  Nor, after Bowie, is any sort of necessity test required for such evidence.

Accordingly, the necessity element of the test in Queen is completely inapposite to any of the other crimes and bad act evidence discussed in the government's motion.

## Conclusion

The government's rule 609 motion should be treated as conceded and therefore granted.  The government's rule 404(b) motion should be granted on the merits.

```
              Respectfully submitted,

              JEFFREY A. TAYLOR
              UNITED STATES ATTORNEY

                      /s/
      by:     _____
              Michael C. Liebman
              Assistant United States Attorney
              D.C. Bar No. 479562
              555 Fourth Street, N.W., room 4231
              Washington, D.C.  20004
              353-2385
              michael.liebman@usdoj.gov
```