U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 12, 2007

**FILED**
**MAR 23 2007**
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Carlos Vanegas, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
fax copy also to: 208-7515 (this page followed by ten additional pages)

re: United States of America v. Christopher Dee Haynie
    06-cr-285

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Christopher Dee Haynie, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer will expire on March 23, 2007.** If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. In order to meet the March 23 deadline, your client must sign the agreement on or before that date and I must have your consent on a motion to convert the March 23 motions hearing to a hearing to take the guilty plea.

The terms of the offer are as follows.

### Charges and Statutory Penalties

1. Your client agrees to plead guilty to counts one and three of the superseding indictment, in violation, respectively, of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 844(a).

2. Your client understands that pursuant to 18 U.S.C. §§ 924(a)(2), 3013(a)(2), 3559(a), 3571(b), and 3583(b), the charge in count one carries a maximum sentence of ten years of imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment. Your client further understands that pursuant to 18 U.S.C. §§ 3013(a)(1), 3559(a), 3571(b), and

3583(b), and 21 U.S.C. § 844(a), the charge in count three, assuming the government does <u>not</u> file an enhancement information pursuant to 21 U.S.C. § 851, carries a maximum sentence of one year in prison, one year of supervised release, a $100,000 fine, and a $25 special assessment. There is an obligation to pay interest and penalties on fines not timely paid.

3. In consideration of your client's guilty plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense, and the government will not file enhancement papers pursuant to 21 U.S.C. § 851. In addition, at the time of sentencing, the government will move to dismiss the remaining counts of the superseding indictment. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4. Your client agrees that the attached Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### Offense Level Under the Guidelines

For count one, the base offense level is 20, pursuant to U.S.S.G. § 2K2.1, and for count three, the base offense level is 8, pursuant to U.S.S.G. § 2D2.1. Pursuant to U.S.S.G. § 3D.1.2, each count of conviction comprises a separate group, and pursuant to U.S.S.G. § 3D.1.4, the combined offense level is 20.

**Acceptance of Responsibility:  3-point reduction**

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b) because your client has assisted authorities by providing  timely notice of your client's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Guideline Departures**

6. The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range of imprisonment is warranted.  Accordingly, neither party will seek such a departure.  Nor will either party suggest that the Court consider such a departure.

**Agreement As to Sentencing Allocution**

7. The parties further agree that a sentence within the applicable Guidelines Range of imprisonment established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a).  In addition, neither party will seek a sentence outside of the applicable Guideline Range of imprisonment or suggest that the Court consider a sentence outside that Guideline Range, and the government agrees to allocute for a prison term no longer than the low end of that Guideline Range.  Furthermore, the government understands that the defendant is free to allocute for a sentence that runs concurrent to the sentences imposed, or to be imposed, in United States v. Christopher D. Haynie, 2006-CF1-20787 & 2006-CF3-11133 (D.C. Super. Ct.), while the defendant understands that the government is free to allocute for a sentence that runs consecutively to the sentences imposed, or to be imposed, in those cases.  Finally, the parties agree that the sentencing in this case should come before the sentencing in those cases.

8. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, see id. § 3C1.1, regardless of any stipulation set forth above, should your client

3

move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

9. In addition, the government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. Moreover, your client acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

10. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

11. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which sentences may be consecutive to each other and which may be greater than the applicable Guidelines Range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines.

### Forfeiture

12. Your client agrees not to contest the administrative forfeiture of the .25 caliber Bryco arms handgun (serial number 1532571), three rounds of .25 caliber ammunition and 15 rounds of .45 caliber ammunition, that were recovered in connection with this case.

### Release/Detention

13. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending sentencing.

### Breach of Agreement

14. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

15. Your client acknowledges discussing with you rule 11(f) of the Federal Rules of Criminal Procedure and rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

16. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

17. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

18. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

19. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

20. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

21. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of

the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. Furthermore, this Agreement is conditioned on the entry of pleas of guilty by your client and a plea agreement resolving your client's cases in <u>United States v. Christopher D. Haynie</u>, 2006-CF1-20787 & 2006-CF3-11133 (D.C. Super. Ct.).

  22. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

     Sincerely,

     *[signature]*
     _____
     Michael C. Liebman
     Assistant United States Attorney
     353-2385

DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

date: 3/14/07

_____
Christopher D. Haynie
Defendant


ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

date: 3/14/07

_____
Carlos Vanegas, Esquire
Assistant Federal Public Defender
Counsel for defendant Christopher D. Haynie

## Statement of Offense

On the morning of June 2, 2006, members of the Metropolitan Police Department executed a Superior Court search warrant at 3603 Twenty-second Street, S.E., Washington, D.C. The search warrant was predicated on a suspected burglary while armed that had occurred on May 27, 2006, at a different location. The complainant of an armed burglary had identified the burglar as Christopher D. Haynie and advised he resided at the Twenty-second Street address. The complainant reported that during the burglary, defendant Haynie displayed a silver-colored handgun to the complainant.

When the officer entered the apartment, defendant Haynie was the only person present inside. During the search of the apartment the officers recovered a silver and black .25 caliber handgun, loaded with three rounds of .25 caliber ammunition, a bag containing 15 rounds of .45 caliber ammunition, 12 yellow ziplock bags containing suspected marijuana, 6 clear and pink plastic bags containing suspected cocaine base (also known as crack), and 7 blue pills. The suspected marijuana and cocaine base were determined by laboratory analysis to be marijuana and cocaine base, also known as crack, and the blue pills were determined by laboratory analysis to be ecstasy.

The complainant subsequently identified the recovered handgun as being the gun displayed by the defendant during the May 27, 2006, incident.

Defendant Haynie was convicted in 1995 of armed robbery and use of a handgun during a crime of violence, both in violation of Maryland law and each punishable by more than a year in prison. In addition, he was convicted in 1999 in this district of being a felon in possession of a firearm, which is also punishable by more than a year in prison.

The recovered handgun and .25 caliber ammunition moved in interstate commerce prior to their recovery on June 2, 2006.

<u>Defendant's Acceptance of Statement of Offense</u>

I have read this Statement of Offense and Factual Proffer and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

Date: 3/11/07

_____
Christopher D. Haynie, defendant

<u>Defense Counsel's Acknowledgment</u>

I am the attorney for defendant Christopher D. Haynie. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.

Date: 3/11/07

_____
Carlos Vanegas, Esquire
Assistant Federal Public Defender
Attorney for defendant Christopher D. Haynie

11