UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 06-CR-285-RMC |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DEE HAYNIE, | : | |
| | : | |
| Defendant. | : | |

Government's Memorandum in Aid of Sentencing

The United States of America, by and through the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above matter.

Background

On March 23, 2007, defendant Christopher Dee Haynie, pursuant to a plea agreement, pled guilty to counts one and three of the superseding indictment in this case. Count one charged him with possession, on or about June 2, 2006, of a firearm and ammunition by a convicted felon, specifically, possession of a .25 caliber handgun and three rounds of .25 caliber ammunition. Count three charged him with possession, on or about June 2, 2006, of cocaine base, also known as crack (hereinafter, crack cocaine).

The charges stemmed from a D.C. Superior Court search warrant executed on that date, by members of the Metropolitan Police Department, at the defendant's residence at 3603 Twenty-second Street, S.E., Washington, D.C. The search warrant was issued to search for evidence of a first-degree burglary while

armed, committed by the defendant on May 27, 2006.  During the search, MPD officers recovered the .25 caliber handgun, which was loaded with three rounds; a bag containing 15 rounds of .45 caliber ammunition; and small quantities of crack cocaine, marijuana and ecstasy.

<u>The Statutory Maximums</u>

Under 18 U.S.C. §§ 924(a)(2), 3559(a), 3571(b), and 3583(b), the felon-in-possession charge in count one carries a maximum sentence of ten years of imprisonment followed by three years of supervised release, and a fine of $250,000.  Under 18 U.S.C. §§ 3559(a), 3571(b), and 3583(b), and 21 U.S.C. § 844(a), the maximum sentence for count three is one year in prison followed by one year of supervised release, and a $100,000 fine.[1]  In addition, pursuant to 18 U.S.C. § 3013, the Court is required to impose a special assessment of $100 for count one and $25 for count three.

<u>The Sentencing Guidelines and the Plea Agreement</u>

In the plea agreement, the parties calculated a combined adjusted offense level of 17, after application of U.S.S.G. §§

---

[1]Under 21 U.S.C. § 844(a), the statutory maximum period of imprisonment for possession of crack cocaine rises to two years, with a mandatory minimum term of 15 days, if the defendant has any prior drug conviction in federal or state court.  While the defendant has a qualifying prior drug conviction, the government, pursuant to the plea agreement, did not file an information under 21 U.S.C. § 851, which is required before the mandatory minimum and higher maximum become applicable.

2D2.1, 2K2.1, 3D1.2, and 3D1.4 (2006 ed.), and also assuming the defendant would meet the requirements for a three-level downward adjustment for early acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.[2]  Pursuant to the plea agreement, the defendant agreed to allocute for a sentence within the applicable sentencing guideline range of imprisonment and the government agreed to allocute for a sentence at the low end of that applicable range.  In addition, the defendant reserved the right to argue that the sentence should be concurrent to the sentences imposed, or to be imposed, in the defendant's two pending Superior Court matters (2006-CF1-20787 and 2006-CF3-11133).

With respect to the Criminal History Level, the government agrees with the determination of the U.S. Probation Office that the defendant has 13 points and is at Level VI.

If the Court agrees that the combined adjusted offense level is 17, the applicable combined guideline range of imprisonment is 51 to 63 months, while the applicable guideline term of supervised release for count one is 2 to 3 years and for count three it is 1 year, which, pursuant to the guidelines must run concurrently.  At offense level 17, the applicable combined guideline fine range is $5000 to $50,000.

---

[2]As of this writing, the government knows of no reason why the defendant is not entitled to this three-level downward adjustment.

However, the U.S. Probation Office has calculated the combined adjusted offense level to be 22, after application of a 5-level enhancement based on the defendant having brandished the .25 caliber handgun during the armed burglary incident on May 27, 2006.  With that adjustment, the combined guideline range of imprisonment becomes 84 to 105 months, the guideline terms of supervised release remain the same, and the combined fine range becomes $7500 to $75,000.

<u>The Appropriate Sentence</u>

While the government agrees that a sentence at the low end of the applicable guideline range of imprisonment is appropriate, the government takes no position as to whether the offense level should be 17--resulting in a low-end prison guideline term of 51 months--as contemplated by the plea agreement, or 22--resulting in a low-end prison guideline term of 84 months--as calculated by the Probation Office.  However, contrary to the defendant's argument, the sentence of incarceration imposed in this case ought to run consecutive to the prison sentences imposed in the defendant's Superior Court matters.

At the time of his guilty plea in this case, the defendant had two active cases in Superior Court, a sex abuse case in 2006-CF1-20787, and an armed burglary charge in 2006-CF3-11133.  The armed burglary charge was based on the defendant's conduct on May 27, 2006, which provided the basis for the search warrant on June

4

2, 2006.  The sex abuse case was completely unrelated, and concerned an incident that occurred on May 19, 2006.

Pursuant to a separate plea agreement, the defendant pled guilty to two felony counts in the sex abuse case and to robbery while armed with a knife in connection with the May 27, 2006 incident.  He was sentenced in both cases on May 16, 2007.  In the sex abuse case, he was sentenced to 180 months and 72 months in prison for the two counts, with the sentences to run concurrently; and for the armed robbery charge he was sentenced to 72 months in prison, with the sentence to run consecutively to the sentence in the sex abuse case.  He thus faces a cumulative prison term of 252 months (21 years) in those cases.

The Sentencing Guidelines, in U.S.S.G. § 5G1.3, specifically address the situation where a defendant has an "undischarged term of imprisonment" at the time of his sentencing.  Three types of circumstances are covered.  If the offenses for which the defendant is to be sentenced were committed while he was serving a sentence of imprisonment, or after having been sentenced to a term of imprisonment but before having commenced service of the sentence, subsection (a) of that Guideline instructs that the new sentence should run consecutively.  U.S.S.G. § 5G1.3(a).  That provision does not apply here.

The second set of circumstances is where the defendant had not yet been sentenced in the other matters at the time he

committed the new offenses, but "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense." U.S.S.G. § 5G1.3(b). In this situation, the Guideline instructs that the sentence in the new case should run concurrently, and should also be adjusted to reflect any period of time already served in connection with the earlier case. Id.

There is, of course, a connection between the defendant's sentence for robbery while armed with a knife, which he committed on May 27, 2006, and the defendant's guilty plea to being a felon in possession, on June 2, 2006, of a .25 caliber handgun and .25 caliber ammunition. During the robbery incident on May 27, 2006, he brandished the very same handgun. However, not only was he not convicted of any gun-related offense occurring on that date,[3] the application notes to U.S.S.G. § 5G1.3 instruct that for subsection (b) to apply, "all of the prior offense" must be relevant conduct to the instant offense. Id., app. note 2(A). The Probation Office is not recommending any enhancement to the defendant's sentence based on him being armed with a knife on May 27, 2006. Accordingly, subsection (b) also does not apply.

---

[3]Although he did admit to waving the gun about in the presence of the robbery victim, immediately prior to robbing her while armed with a knife.

When neither subsection (a) nor (b) applies, the Guideline provides that the Court may require the new term of imprisonment to run concurrently, partially concurrently, or consecutively, in order "to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c).  In this particular case, a reasonable punishment requires that the sentence run consecutively to the Superior Court sentences.

First, the interests addressed by the Superior Court prosecutions are completely divorced from the interests addressed by prosecuting the defendant in this case.  In the sex abuse and robbery cases, the purpose of the prosecutions was, to a large extent, to provide justice to individuals victimized by the defendant's criminal conduct.  In this case, the purpose of the prosecution--at least as to the felony count--is to protect society at large by deterring felons from obtaining firearms and ammunition and to punish this defendant for doing so.

Second, as a practical matter, the Superior Court offenses have nothing to do with the defendant's possession of a loaded gun on June 2, 2006.  While the defendant brandished the gun immediately before the robbery on May 27, 2006, that incident was at a different location and there is no evidence that the gun was even loaded on that earlier date.  Similarly, the sex abuse case occurred even earlier and did not involve a firearm at all.

Finally, to a defendant with the lengthy criminal history of this defendant, a new conviction with no additional imprisonment is tantamount to no punishment at all.

Accordingly, the sentence in this case should run consecutively.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

    /s/
by: _____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
353-2385
michael.liebman@usdoj.gov

8